IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 24, 2012 Session

## MELINDA B. BUSLER (LEE) v. JOHN C. LEE

**Appeal from the Chancery Court for Williamson County**
**No. 34848    Donald Paul Harris, Senior Judge**

**No. M2011-01893-COA-R3-CV - Filed May 17, 2012**

Father appeals the trial court's decision to decline to exercise jurisdiction and to transfer his petition to modify custody to a Florida court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act.  Finding no abuse of discretion, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., J., and BEN H. CANTRELL, SP. J., joined.

John C. Lee, Franklin, Tennessee, Pro Se.

Joanie Lucie Abernathy, Franklin, Tennessee, for the appellee, Melinda B. Busler (Lee).

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Melinda Busler (Lee) ("Mother") and John C. Lee ("Father") divorced in November 2008 in the Chancery Court for Williamson County, Tennessee. The permanent parenting plan approved by the court allowed Mother to relocate to Florida with the parties' minor child.  The court entered a modified parenting plan in November 2009.[1]

The instant appeal arises out of Father's filing, in May 2010, of a petition to modify the parenting plan and for criminal contempt and application for an ex parte restraining order. Father's petition includes the following allegations:

---

[1]These parenting plans do not appear in the record on appeal.

Mother has, since November 2009, maintained an ever-expanding pattern of vexatious litigation against the Father in her state of residence, Florida. Mother has continued to attempt to circumvent the orders of this court, including by attempting to gain control over the issues of custody and visitation in the courts of Florida. Mother has made further misrepresentations of fact in the courts in Florida, all done to mislead the courts in Florida and in furtherance of her plan to exile Father from the life of the parties' daughter.

Father asserted that this "pattern of vexatious litigation" constituted a material change of circumstances warranting modification of the parenting plan to name him the primary residential parent. The court granted Father a temporary injunction restraining Mother from "commencing or prosecuting any action outside of the Chancery Court of Williamson County, Tennessee related to the custody or visitation of the parties' child, Lana C. Lee, without prejudice to Ms. Busler's position regarding subject matter jurisdiction, which this Court will resolve subsequently."

On June 18, 2010, Mother filed a motion to dismiss Father's petition for lack of jurisdiction or in the alternative for summary judgment. Mother argued that Tennessee lacked exclusive continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and that the Williamson County, Tennessee court was an inconvenient forum, while Florida was a more convenient forum.[2] The court denied Mother's motion to dismiss as well as her motion for summary judgment in an order entered on November 5, 2010. As to the former motion, the court determined that it had continuing, exclusive jurisdiction concerning custody of the parties' child.

The parties attempted mediation in March 2011, but they were unable to resolve their differences. On April 11, 2011, Mother filed a motion to transfer jurisdiction or in the alternative to set for trial. As part of the justification for the requested transfer, Mother stated that she had obtained a Final Judgment of Injunction for Protection against Domestic Violence with Minor Child against Father in September 2009 in the Circuit Court for Charlotte County, Florida. In support of her motion to transfer, Mother also submitted her own affidavit outlining connections of the parties and their minor child with the state of Florida.

The matter was heard on May 3, 2011, before Judge Donald Harris; previous proceedings had been before Chancellor Robbie Beal. The court granted Mother's motion to transfer the case to the Circuit Court for Charlotte County, Florida. Father filed a motion

---

[2]Mother had allegedly registered a Tennessee chancery court order dated November 13, 2009, regarding child support in Florida on March 9, 2010.

to alter or amend the judgment. On August 2, 2011, the court entered an order denying the motion to alter or amend. Father appeals from this order.[3]

STANDARD OF REVIEW

This case hinges upon the application of the provisions of the Uniform Child Custody and Enforcement Act ("UCCJEA"), Tenn. Code Ann. § 36-6-201 *et seq.*, to the pertinent facts. Whether a court has jurisdiction under the UCCJEA is a question of law, subject to de novo review with no presumption of correctness. *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). A court's decision to accept or decline to exercise jurisdiction under the UCCJEA is a discretionary one. Tenn. Code Ann. § 36-6-222(a); *Staats*, 206 S.W.3d at 554-55; *Steckler v. Steckler*, 921 So. 2d 740, 744 (Fla. Dist. Ct. App. 2006). Our review with respect to a trial court's decision to decline to exercise jurisdiction under the inconvenient forum provisions is limited to determining whether the trial court abused its discretion. *In re J.B.W.*, M2007-02541-COA-R9-CV, 2007 WL 4562885, at *3 (Tenn. Ct. App. Dec. 27, 2007); *In re Bridgestone/Firestone*, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003).

## ANALYSIS

The appeals raises two issues: (1) whether the trial court had exclusive, continuing jurisdiction over this case; and (2) whether the trial court erred in declining to exercise jurisdiction.

The first step in the UCCJEA analysis is to determine whether the state that made the initial custody determination retains exclusive, continuing jurisdiction. *Highfill v. Moody*, No. W2009-01715-COA-R3-CV, 2010 WL 2075698, at *4 (Tenn. Ct. App. May 25, 2010). A court that has made a child custody determination consistent with the act retains exclusive, continuing jurisdiction until one of two statutory triggers occurs. Tenn. Code Ann. § 36-6-217(a); *Staats*, 206 S.W.3d at 548. The first statutory trigger is as follows:

> A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.

---

[3]Father's brief fails to conform to the requirements of Tenn. R. App. P. 27(g) in that he does not include any citations to the record. Moreover, Father makes reference to facts that do not appear anywhere in the record before this court.

Tenn. Code Ann. § 36-6-217(a)(1). The second statutory trigger applies only if both parents no longer reside in the state. Tenn. Code Ann. § 36-6-217(a)(2).

It is important to note that, under the UCCJEA, jurisdiction attaches at the commencement of a proceeding, which is defined as the date of the filing of the first pleading. Tenn. Code Ann. §§ 36-6-205(5), 36-6-217 cmt. 2. Father filed the petition to modify at issue here in May 2010. Mother and child have lived in Florida since at least November 2008. The issue then becomes whether one of the two statutory triggers had occurred at the time when Father filed his petition to modify in May 2010.

In an order entered on November 5, 2010, on Mother's motion to dismiss or for summary judgment, the trial court determined that it had continuing, exclusive jurisdiction and denied Mother's motions. Thus, the trial court had already determined that it had continuing, exclusive jurisdiction to hear Father's petition to modify the parenting plan before Mother filed the motion at issue in this appeal. Changes in circumstances occurring after May 2010 have no relevance with respect to jurisdiction over the petition to modify. *See* Tenn. Code Ann. § 36-6-217 cmt. 2. Mother cites several cases as supporting a conclusion that Father's continued residence in Tennessee and the child's visitation in the state are not sufficient to establish a significant connection with this state. *See Graham v. Graham*, No. E2008-00180-COA-R3-CV, 2009 WL 167071, at *6-7 (Tenn. Ct. App. Jan. 26, 2009); *Lee v. Lee*, No. W2003-01053-COA-R3-CV, 2004 WL 3021107, at *5-6 (Tenn. Ct. App. Dec. 29, 2004). Because of our decision on the second issue raised in this appeal, we need not review the trial court's decision that it had continuing, exclusive jurisdiction.[4]

Even if a court has continuing, exclusive jurisdiction, the UCCJEA allows the court to decline to exercise that jurisdiction "*at any time* if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Tenn. Code Ann. § 36-6-222 (emphasis added); *In re B.N.W.*, No. M2004-02710-COA-R3-JV, 2005 WL 3487792, at *16 (Tenn. Ct. App. Dec. 20, 2005). That is the determination made by the trial court here.

Tennessee Code Annotated § 36-6-222(b) sets forth factors to be considered by a court in determining whether "it is appropriate for a court of another state to exercise jurisdiction": the length of time the child has lived outside of this state, the distance between the Tennessee court and the other state's court, the parties' financial circumstances, any agreement between the parties as to the appropriate state, the nature and location of the evidence needed to

---

[4]We note that Mother does not challenge the November 5, 2010 order in her appellate brief, but erroneously asserts that the trial court, in its August 2011 order, found that Tennessee did not have exclusive, continuing jurisdiction.

resolve the pending litigation, each court's ability to decide the case expeditiously, whether domestic violence has occurred and which state could best protect the child and the parties, and each court's familiarity with the relevant facts and issues. In support of her motion to transfer, Mother submitted an affidavit addressing some of these factors:

1. I have lived in Florida with my daughter, Lana since June 2008.

2. I am the custodial parent of Lana who was born August 8, 2007.

3. I am a victim of domestic violence and I have a permanent Final Injunction of Protection Against Domestic Violence against John C. Lee (Lana's father) from the court in Florida.

4. Lana attends pre-school in Florida.

5. Lana's pediatrician, dermatologist, and dentist are all in Florida.

6. The church Lana and I attend is in Florida.

7. I am employed full time Monday through Friday and work in Florida, for a company headquartered in Florida.

8. I am and have been registered to vote in Florida since 2008.

9. I have had a Florida driver's license since 2008.

10. My vehicle has been registered in Florida since 2008.

11. My family, including both my parents (Lana's maternal grandparents), brothers, aunts, uncles, and cousins live in Florida.

12. I am represented by Florida counsel.

13. My former spouse, John C. Lee is represented by Florida counsel.

14. My former spouse, John C. Lee has filed in the Florida courts both pro se as well as [through] his Florida lawyer.

The record on appeal does not include the transcript of the May 3, 2011 hearing. Without a transcript or statement of the evidence, "there is a conclusive presumption that

there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). Moreover, the transcript of the hearing on August 2, 2011, on Mother's motion to alter or amend the court's order transferring the case to Florida supports the trial court's decision. At that hearing, the trial court made the following statement: "I remain satisfied that the evidence with regard to this child's care and well being is in the state of Florida and Florida is the appropriate state to hear this." We find no abuse of discretion in the trial court's decision to decline to exercise jurisdiction.

## CONCLUSION

The decision of the trial court is affirmed. We decline Mother's request for an award of attorney fees on appeal. Costs of appeal are assessed against Father, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE